GEORGE T. DOUGLASS *et al., Appellants,* v. ELIZABETH STEPHENS, *Appellee.*

Where a husband deserts his wife and makes a homestead entry under the United States statutes, and the final proofs are made by and the patent to the lands is issued to the guardian of the entryman's illegitimate children after his death, the widow has no equity to have a trust in the homestead decreed in her favor where she did nothing to aid in acquiring the rights allowed by the statutes.

This case was decided by Division A.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Thomas B. Adams,* for Appellants;

*W. B. Davis,* for Appellee.

WHITFIELD, C. J.—The amended bill of complaint herein brought by Elizabeth Stephens against George T. Douglass as guardian and Allen Stephens and Robert Stephens minors, alleges in substance that Henry Stephens and the appellee Elizabeth Stephens were lawfully married in June, 1878, and lived together as man and wife till December, 1891, when Henry left his wife in Madison County, Florida, and went to Taylor County, Florida, where he lived and cohabitated with Minnie Leggett and two children the defendants Allen Stephens and Robert Stephens were born to them; that Minnie Leggett and Henry Stephens both died March 10th, 1903; that complainant Elizabeth Stephens did not know of the whereabouts of her husband Henry Stephens till about January 1st, 1906, when she heard of his life and death in Taylor County; that prior to the death of Henry Stephens the complainant was his wife and had not been divorced from him, and since his death has remained his widow; that prior to his death Henry Stephens made an entry under the homestead laws of the United States of certain described lands; that on October 1st, 1903, George T. Douglass was appointed guardian of Allen Stephens and Robert Stephens the minor children of Henry Stephens and Minnie Leggett, and thereafter as such guardian made final proof and completed the homestead entry of Henry Stephens upon which a patent covering the lands to Douglass as such guardian was issued; that on December 28th, 1905, the said George T. Douglass leased the timber on the land for which $640.00 was received by Douglass; that at the death of Henry Stephens, the complainant Elizabeth Stephens as his widow was entitled under the laws of the United States

to make and perfect the homestead entry of the said Henry Stephens in and to the said lands; that complainant knew nothing of the homestead entry by Henry Stephens until about July 1st, 1907; that complainant is and has all her life been a citizen and resident of the United States; that the complainant is willing and ready to compensate the said guardian and the minor children of Henry Stephens for outlays in perfecting the homestead entry. The prayer is that a trust be decreed and for other appropriate relief. The bill of complaint was demurred to on the following grounds:

"1. That complainant's bill shows no equitable right to the lands in question superior to defendants' legal title.

2. That the supposed equities in favor of complainant are alleged as mere conclusions of law without facts to support such conclusions.

3. Said bill does not show that complainant has ever complied with the statutes of the United States so as to entitle her to a patent to the lands described in said bill.

4. Said bill does not show that the statutory conditions precedent to the obtaining of a patent to public lands have been performed by the complainant, or by any one else, so as to fix in her as a widow an equitable title to the lands described in the bill.

5. Complainant's ignorance of her right to perform certain conditions precedent to giving her an equitable title to the lands in question is not equivalent to the performance of such conditions.

6. Said bill does not show that the complainant has ever resided upon, cultivated or improved the lands in question, either during her alleged husband's life time or since." This demurrer was overruled and the defendants appealed.

The only question presented for determination is whether the complainant widow has an equitable title or

right in the lands and the proceeds thereof because of the original entry made by her husband and completed after his death by the guardian of his illegitimate minor children, when the widow had no part therein and knew nothing of the entry until after the proofs were completed and the patent to the land has been issued to the guardian of the minor illegitimate children of the husband.

The statutes of the United States provide for an entry upon a stated quantity of the public lands the filing of a preliminary affidavit and the issue of a patent giving title to the land upon compliance with specified occupancy, procedure and payments. It is expressly provided that if before patent is issued giving title to the land the person making the entry shall die, his widow may prove "by two credible witnesses that she has resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit * * * and then "shall be entitled to a patent, as in other cases provided by law." §§2289 and 2291 Revised Statutes of the United States (2nd Ed. 1878).

Under this statute the only right accorded to the widow is to actually complete the entry and receive the patent that would have issued to the husband had he lived and completed the entry as required by law.

In this case the widow has done nothing to acquire the rights allowed by the statute. The statute does not confer upon her an equitable title or right, and those who perfected the entry and received the patent owe no duty to the widow upon which an equitable title or right may be predicated. The illegitimate minor children of the deceased husband and the guardian of such minors are in law strangers to the widow and owe her no duty by virtue of the statute under which the patent was acquired. No contract or fiduciary relation existed between the widow

and the guardian and his wards, and consequently no equity in the widow appears.

The order overruling the demurrer to the bill of complaint is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.